# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3065 | **DATE** | May 7, 2012 |
| **CASE TITLE** | Wail Salem (#2011-0008821) v. Correctional Officer Spryes, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#4] is granted. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $22.47 from Plaintiff's account for payment to the Clerk of Court as an initial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk is directed to forward a copy of this order to the Inmate Trust Office at the Will County Adult Detention Facility. The Clerk shall issue summonses to Defendants Suggs, Spryes, and Sears, and the U.S. Marshal is directed to serve them. The Court finds pursuant to Local Rule 40.4, that this case is related to *Salem v. O'Leary*, Case No. 12 C 0093 (N.D. Ill.) (Gettleman, J.) and sets this case for status on May 15, 2012 at 9:00 a.m. The Clerk is directed to forward a copy of this order to Plaintiff's counsel in Case No. 12 C 0093, Robert C. Keck, Jr. Keck & Associates, 333 N. Michigan Ave., Suite 501, Chicago, IL. 60601.

■ **[For further details see text below.]**

Docketing to mail notices.

---

# STATEMENT

Plaintiff, Wail Salem, an pre-trial detainee in custody at the Will County Adult Detention Facility, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant Suggs ans Spryes are violating his First Amendment religious rights and that Defendant Sears subjected him to deliberate indifference to a substantial risk of serious harm. Liberally construed, Plaintiff is alleging that all three Defendants are engaged in a conspiracy to violate his rights, retaliating against him for practicing his religion and filing an action against jail officials (Salem v. O'Leary, 12 C 0093).

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $22.47. The inmate trust fund officer at the Will County Adult Detention Facility is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Danville Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

AWL

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. On first glance, it appears that Plaintiff might be suing different Defendants for unrelated claims in violation of the Seventh Circuit's ruling in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). (holding that unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees -for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).) However, liberally construing the complaint it appears that, accepting Plaintiff's allegations as true, Plaintiff has articulated a colorable federal cause of action against all Defendants for retaliation. *See, e.g.*, *Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000); *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000).

The Clerk shall issue summonses forthwith to Defendants Suggs, Spryes, and Sears (hereinafter, "Defendants"), and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to former correctional employees who no longer can be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Finally, pursuant to local rule 40.4, the court finds that this case is related to *Salem v. O'Leary*, Case No. 12 C 0093 (N.D. Ill.) (Gettleman, J.) in which Plaintiff alleges religious discrimination and is represented by counsel. The Clerk is directed to forward a copy of this order to Plaintiff's counsel in Case No. 12 C 0093, Robert C. Keck, Jr,. Keck & Associates, 333 N. Michigan Ave., Suite 501, Chicago, IL. 60601. This case is set for status on May 15, 2012 at 9:00 a.m.