# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| WAIL SALEM, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 CV 3065 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| CORRECTIONAL OFFICERS SPRYES, | ) | Magistrate Judge Maria Valdez |
| SEARS, and SUGGS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Wail Salem sued defendants Christopher Spryes, Marc Sears, and Bruce Suggs—all of whom are correctional officers at Will County Adult Detention Facility ("the Jail")—for retaliation in violation of 42 U.S.C. § 1983. Plaintiff alleges that defendants retaliated against him after he filled grievances and a lawsuit against jail officials who denied him a kosher diet and an Arabic Koran. Defendants have moved pursuant to Fed. R. Civ. P. 56 for summary judgment, arguing that plaintiff cannot satisfy the elements of his retaliation claim. For the reasons stated below, defendants' motion for summary judgment is granted.

### *BACKGROUND*

From November 28, 2011 to August 2, 2012, plaintiff was a detainee at the Jail. Defendants are correctional officers at the Jail. In December 2011, plaintiff filed grievances claiming that jail officials denied him a kosher diet and an Arabic Koran. The next month, plaintiff sued the Sheriff and Warden for these deprivations. Plaintiff claims that, during the ensuing four months, defendants retaliated against him. Suggs allegedly

gave 10-minute Christian sermons to plaintiff's cell housing unit, forced inmates to pray to veterans, and called plaintiff a "piece of shit." Spryes allegedly took a Koran from another inmate's cell and threw it across the cell housing unit. Sears allegedly said, in front of other inmates, that plaintiff was the girlfriend of another inmate.

Plaintiff filed multiple grievances related to defendants' allegedly retaliatory conduct. The Jail denied all grievances as unfounded or frivolous.

## *DISCUSSION*

Defendants have moved for summary judgment pursuant to Fed. R. Civ. P. 56. Summary judgment is appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56. The movant bears the burden of establishing both elements, Becker v. Tenenbaum-Hill Associates, Inc., 914 F.2d 107, 110 (7th Cir. 1990), and all reasonable inferences are drawn in favor of the non-movant, Jones v. Illinois Bell Tel. Co., 2013 WL 5781814, at *3 (N.D. Ill. Oct. 24, 2013) (citing Fisher v. Transco Services-Milwaukee Inc., 979 F.2d 1239, 1242 (7th Cir. 1992)). If the movant satisfies the burden, then the non-movant must set forth specific facts showing there is a genuine issue for trial. Nitz v. Craig, 2013 WL 593851, at *2 (N.D. Ill. Feb. 12, 2013). In doing so, the movant cannot simply show that there is some metaphysical doubt as to the material facts. Pignato v. Givaudan Flavors Corp., 2013 WL 995157, at *2 (N.D. Ill. Mar. 13, 2013) (citing Matsushita Elec. Indus. Co., v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

"To prevail on a First Amendment retaliation claim, [plaintiff] must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the

First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2011) (quoting Woodruff v. Mason, 542 F.3d 545, 551 (7th Cir. 2008)).  Defendants do not contest the first element.  They argue, though, that plaintiff cannot satisfy the second and third elements.

The second element requires plaintiff to demonstrate that a person of reasonable firmness would have been deterred from future First Amendment activity by defendants' retaliatory conduct.  Heard v. Hardy, 2013 WL 3812102, at *3 (N.D. Ill. Jul. 22, 2013). "It would trivialize the First Amendment to hold that harassment for exercising" a First Amendment right "was always actionable no matter how unlikely to deter a person of ordinary firmness from the exercise."  Bridges, 557 F.3d at 555.  Thus, this element is not satisfied simply by showing that plaintiff suffered some adverse action for engaging in First Amendment activity.  Heard, 2013 WL 3812102, at *3 ("Not all adverse actions in response to protected First Amendment activity constitute retaliation").  For example, a person of ordinary firmness would not be deterred if an officer held out her middle finger, stuck out her tongue, and said that she would "get" him.  Id. (citing Sanders v. Salemi, 2012 WL 353844 (N.D. Ill. Feb 1, 2012)).  Also, "threats and racist comments by prison guards [do] not amount to retaliation," id. (citing Antoine v. Uchtman, 275 F. App'x 539, 541 (7th Cir. 2008)), unless they are "designed to deter future speech" or are "penalties for past speech[.]"  Collins-Bey v. Hulick, 2011 WL 2116456 (S.D. Ill. May 2, 2011) (quoting Fairley v. Andrews, 578 F.3d 518, 525 (7th Cir. 2009)).  Even "an officer's threat to a prisoner that he would be beaten if he filed a grievance" may not be sufficient.

Heard, 2013 WL 3812102, at *3 (citing Boclair v. Beardon-Monroe, 2012 WL 3835874, at *5 (N.D. Ill. Feb. 1, 2012)).

Plaintiff fails to point to any conduct that would deter an ordinary person from exercising his First Amendment rights. The allegedly retaliatory conduct consisted of: Suggs giving 10-minute Christian sermons, forcing inmates to pray to veterans, and calling plaintiff a "piece of shit;" Sears saying plaintiff was another inmate's girlfriend; and Spryes throwing another inmate's Koran. Plaintiff fails to explain how defendants' conduct is worse than the abuse with which prisoners deal on a daily basis. "The Constitution does not compel guards to address prisoners in a civil tone using polite language." Antoine v. Uchtman, 275 F. App'x 539, 541 (7th Cir. 2008). Plaintiff cannot prevail "without something more" than threats, Boclair v. Beardan-Monroe, 2012 WL 3835874, at *5 (S.D. Ill. Sept. 4, 2012), and without "concrete action that dissuaded him from continuing to file grievances," Antoine, 275 F. App'x at 541. Further, plaintiff did continue filing grievances and lawsuits after the alleged retaliation. Although defendants might have behaved improperly,[1] plaintiff has failed to show how their conduct rises to the level of harassment required for a constitutional retaliation claim.

Plaintiff tries to create a genuine issue of material fact by noting that Sergeant S. Gordon allegedly threatened to beat him if he continued to file grievances. This allegation is irrelevant. Defendants "cannot be held liable in a § 1983 action unless [they] caused or participated in an alleged constitutional deprivation." Wolfe-Lillie v. Sonquist, 699 F.3d 864, 869 (7th Cir. 1983) (citing Polk Co. v. Dodson, 454 U.S. 312, 325 (1981)). Gordon is not a defendant in the instant case. Plaintiff does not allege that

---

[1] The Court in no way implies approval of such conduct. Correction institutions should discourage, if not prohibit, the type of discourteous, insensitive conduct alleged by plaintiff, if for no other purpose than to avoid costly and needless litigation.

defendants prompted Gordon to make this threat or even knew that he did.  Thus, Gordon's actions cannot support a claim against defendants.

The third element of plaintiff's claim requires that he show that his First Amendment activity was "'at least a motivating factor' in the Defendants' decision to take the retaliatory action." Bridges, 557 F.3d at 546 (quoting Woodruff v. Mason, 542 F.3d at 551).  Plaintiff cannot satisfy this burden.  Some of the allegedly retaliatory conduct was not directed at plaintiff individually.  Suggs allegedly made all inmates in plaintiff's cell housing unit listen to his sermons and pray to veterans.  Spryes allegedly threw another inmate's Koran, not plaintiff's.  Defendants singled out plaintiff only when Suggs allegedly called him a "piece of shit" and Sears' allegedly said he was another inmate's girlfriend.  Even those instances, though, could not have been retaliatory unless defendants knew about plaintiff's initial grievances or lawsuit.  If defendants were not aware of plaintiff's complaints when they engaged in the conduct at issue, as they claim, then defendants cannot possibly have retailed based on plaintiff's complaints.

In response to defendants' claim of ignorance, plaintiff does not assert that he told defendants, or anyone else, about the grievances or lawsuit.  Rather, plaintiff relies on his own deposition testimony in which plaintiff claimed that Robert, another inmate, informed plaintiff that Robert told defendants about the complaints.  This statement was made out-of-court—during a deposition—and is offered to prove the truth of the matter asserted—that Robert told others of the lawsuit.  Thus, it is inadmissible hearsay.  See U.S. v. Tolliver , 454 F.3d 660, 666 (7th Cir. 2006) (quoting Fed. R. Evid. 801) (defining hearsay as "out-of-court statements 'offered in evidence to prove the truth of the matter asserted'").  Such inadmissible evidence cannot be considered on a motion for summary

5

judgment. Fed. R. Civ. P. 56(c)(2). Plaintiff presents no admissible evidence to show that defendants' knew about his grievances or lawsuit when they engaged in the allegedly retaliatory action. Thus, plaintiff has failed to create an issue of fact as to whether his First Amendment activity motivated defendants to engage in retaliation.

Having failed to create a genuine issue of material fact, plaintiff asks that the court, pursuant to Fed. R. Civ. P. 56(d)(1), (2), deny consideration of the motion for summary judgment or allow time to take discovery. Fed. R. Civ. P. 56(d) requires that the nonmovant show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" Fed. R. Civ. P. 56(d). Plaintiff has failed to attach such an affidavit or declaration. This is fatal to his request. More importantly, plaintiff has failed to explain with specificity why he needs additional discovery. Plaintiff generally asserts that he did not know what defenses would be raised by defendants until October 20, 2013, when he received their Local Rule 56.1 Statement. Even if this were true, it would be irrelevant because this order disposes of the instant case based on plaintiff's inability to establish the elements of his cause of action, not based on an affirmative defense. Plaintiff's only other justification for his request is a generalized assertion that he "cannot present facts essential" to his case. This does not satisfy the requirement for "specific reasons." Thus, plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 56(d) and his request is denied.

## *CONCLUSION*

For the foregoing reasons, defendants' motion for summary judgment is granted. The court wishes to extend its appreciation to attorney Robert C. Keck, who ably

represented plaintiff in this case pursuant to his obligation as a member of this court's Trial Bar. Local Rule 83.11(g).

**ENTER:    June 13, 2014**

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　**Robert W. Gettleman**
　　　　　　　　　　　　　　　　　　　　　**United States District Judge**